IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI

UNITED STATES OF AMERICA

V.                                                        CRIMINAL ACTION NO.: 2:10CR160-SA

SHANTANA SHANA JOINER                          DEFENDANT

## ORDER AND MEMORANDUM OPINION

Defendant Shantana Shana Joiner asks the Court to recalculate her sentence based on the United States Sentencing Guideline amendment 3B1.2, the minor-role reduction, which she contends should be retroactively applied. The Government has responded and contends the amendment should not be applied retroactively.

Defendant Joiner was indicted with seventeen other defendants in a drug conspiracy case. She pled guilty in July of 2012 and was sentenced in January of 2013 to 151 months. She did not file a direct appeal, but later moved for a reduction in sentence based on Sentencing Guideline Amendment 782, which was granted.

Joiner now contends she is eligible for another reduction pursuant to Sentencing Guideline Amendment 794. That Amendment provides a two-level decrease to the defendant's applicable offense level if the defendant played a "minor" role in the criminal activity or a four-level decrease if the defendant's role was "minimal." At the time of Joiner's sentencing, the commentary to § 3B1.2 described the mitigating-role adjustment as applying to "a defendant who plays a part in committing the offense that makes him substantially less culpable than the average participant." § 3B1.2 cmt. n.3 (2013). The commentary also described a "minimal participant" as one who is the least culpable and may lack "knowledge or understanding of the scope and structure of the enterprise and of the activities of others," while the "minor participant" is one who is less culpable than most other participants "but whose role could not be

described as minimal." § 3B1.2, cmt. nn.4, 5 (2013). Further, the commentary noted that "[a] defendant who is accountable under § 1B1.3 (Relevant Conduct) only for the conduct in which the defendant personally was involved and who performs a limited function in concerted criminal activity is not precluded from consideration for an adjustment under this guideline." § 3B1.2, cmt. n.3. The district court's decision regarding whether to apply the reduction is "heavily dependent upon the facts of the particular case." § 3B1.2 cmt. n.3(C).

Amendment 794, which became effective on November 1, 2015, revised the commentary to § 3B1.2 but not the language of the actual Guidelines provision. *See* U.S.S.G. app. C supp., amend. 794. The amendment made several revisions, including adding a "non-exhaustive list of factors" that the court should consider in determining whether to apply the adjustment. *Id*. Those factors include:

> (i) the degree to which the defendant understood the scope and structure of the criminal activity;
>
> (ii) the degree to which the defendant participated in planning or organizing the criminal activity;
>
> (iii) the degree to which the defendant exercised decision-making authority or influenced the exercise of decision-making authority;
>
> (iv) the nature and extent of the defendant's participation in the commission of the criminal activity, including the acts the defendant performed and the responsibility and discretion the defendant had in performing those acts;
>
> (v) the degree to which the defendant stood to benefit from the criminal activity.
>
> For example, a defendant who does not have a proprietary interest in the criminal activity and who is simply being paid to perform certain tasks should be considered for an adjustment under this guideline.

U.S.S.G. § 3B1.2, cmt. n.3(C).

>The Commission added the following language at the end of Note 3(C):
>
>>The fact that a defendant performs an essential or indispensable role in the criminal activity is not determinative. Such a defendant may receive an adjustment under this guideline if he or she is substantially less culpable than the average participant in the criminal activity.

*Id.*

The court may consider amendments to the Guidelines that were "not effective at the time of the commission of the offense or at the time of sentencing" if they are "intended only to clarify, rather than effect substantive changes." *United States v. Anderson*, 5 F.3d 795, 802 (5th Cir. 1993). In such a case, the amendments are "not controlling, [and this court] consider[s] [them] as evidence of the Sentencing Commission's intent behind" the Guideline at issue. *Id.* Substantive amendments, quite simply, do not apply retroactively. *See United States v. Solis*, 675 F.3d 795, 797 (5th Cir. 2012) ("Under the sentencing guidelines, courts are required to consider subsequent amendments 'to the extent that such amendments are clarifying rather than substantive changes.'" (quoting U.S.S.G. § 1B1.11(b)(2))); *Anderson*, 5 F.3d at 802 ("Amendments to the guidelines and their commentary intended only to clarify, rather than effect substantive changes, may be considered even if not effective at the time of the commission of the offense or at the time of sentencing." (citing U.S.S.G. § 1B1.11(b)(2))). The Fifth Circuit has on a previous occasion determined that Amendment 794 is clarifying and can be retroactively applied. *United States v. Sanchez-Villarreal*, 857 F.3d 714, 721 (5th Cir. 2017).

As an initial matter, Joiner's claim that the Court erroneously failed to apply Amendment 794 to her sentencing is not properly considered in a § 2255 motion, because it could have been raised on direct appeal.

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence pursuant to §2255: (1) constitutional issues, (2) challenges to the

3

district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). Section 2255 relief "is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

Joiner seems to claim her sentence was unconstitutional because she did not receive a downward adjustment for minor rule under U.S.S.G. § 3B1.2. "A district court's technical application of the Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994) (citing *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)). Thus, she is not entitled to relief under § 2255 on this claim.

The relief Joiner seeks—a sentence reduction under Amendment 794—is available, if at all, through a motion pursuant to 18 U.S.C. § 3582(c)(2). As such, the Court will construe her motion under § 3582.

A federal court generally "may not modify a term of imprisonment once it has been imposed." *Dillon v. United States*, 560 U.S. 817, 819 (2010). However, Congress allowed an exception to that rule "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission." 18 U.S.C. § 3582(c)(2); *see also Freeman v. United States*, 564 U.S. 522, 526–27, 131 S. Ct. 2685, 180 L. Ed. 2d 519 (2011) (reciting standard for sentence modifications). Such defendants are entitled to move for retroactive modification of their sentences. *Freeman*, 564 U.S. at 527, 131 S. Ct. 2685. However, a sentence reduction is only permitted if it is consistent

4

with the policy statements issued by the Sentencing Commission, which are found in § 1B1.10 of the Sentencing Guidelines. *See* 18 U.S.C. § 3582(c)(2); *United States. v. Boe*, 117 F.3d 830, 831 (5th Cir. 1997). Subsection 1B1.10(d) lists the amendments to the Guidelines that are eligible for retroactive effect, but Amendment 794 is not listed.

Even if an amendment is clarifying, the Court cannot consider it in the context of a collateral attack on a sentence if that amendment is not listed in Section 1B1.10(d). *See United States v. Carreon-Palacio*, 73 F. App'x 67, 68 (5th Cir. 2003) (per curiam) ("While we will consider the effect of 'clarifying' amendments on direct appeal, a different rule applies when the issue is raised on collateral attack pursuant to 18 U.S.C. § 3582(c)(2)"—*Drath*'s requirement that an amendment be listed in Section 1B1.10(d). (citation omitted)); *see also United States v. Cruz*, No. 89 Cr. 346 (SWK), 1997 WL 115835, at *3 (S.D.N.Y. Mar. 11, 1997) ("[C]ourts have recognized the distinction between applying amendments retroactively on a direct appeal as opposed to a motion pursuant to Section 3582(c)(2). This distinction is essential because, unlike direct appeals, Section 3582(c)(2) motions are expressly limited by Guidelines Section 1B1.10, which, . . . precludes Section 3582(c)(2) motions based on amendments which are not expressly retroactive." (citations omitted)).

Even considering the merits of her claim, however, Joiner does not qualify for a reduction.

The Presentence Investigation Report assessed zero "points" toward the Offense Level for her role in the offense. Defendant failed to object based on her contention that she played a "minor role" in the offense. Moreover, she failed to file a direct appeal of her sentence on the basis that she deserved a two or four point reduction in her Offense Level.

5

To the extent the Court could construe this § 2255 as claiming ineffective assistance of counsel for failing to object to the lack of role adjustment, that argument fails as well. Joiner was assessed a 33 Offense Level with a Criminal History Category of II. The sentencing range under the applicable Sentencing Table was 151-188. She was sentenced to 151 months. Even if given the two point credit for a "minor role", her Offense Level would be 31, with a Criminal History Category of II. That range would be 121-151. Thus, Joiner could not show ineffective assistance of counsel as she could not demonstrate with a reasonable probability that, but for counsel's errors with respect to sentencing matters, she would have received less time in prison. *See United States v. Grammas*, 376 F.3d 433, 438 (5th Cir. 2004).

Without deciding whether Joiner's counsel should have objected to the report, the Court finds there is nothing in the record to suggest his failure to do so prejudiced Joiner. The facts of the case belie any argument that Joiner—who admitted to knowingly transporting narcotics and currency gained from the sale of narcotics - was entitled to a minor role adjustment under U.S.S.G. § 3B1.2(b) Amendment 794. Joiner's motion is therefore DENIED as to this ground.

Joiner also requests that the Court allow her to serve the remaining months of her sentence on home confinement. That request is DENIED.

*Conclusion*

The Court never analyzed or considered Joiner's potential role as a "minor participant" because she failed to object to the Presentence Investigation Report on these grounds. Thus, the Amendment to the "minor participant" Guideline is inapplicable. The requested relief is more appropriate for a direct appeal than a collateral attack of her sentence.

Accordingly, Joiner's Motion to Reduce Sentence is DENIED.

SO ORDERED, this the 23rd day of April, 2018.

                                                 **/s/ Sharion Aycock**
                                                 **U.S. DISTRICT JUDGE**